Audra L. Thompson (SBN 218479)
DUANE MORRIS LLP
865 S. Figueroa Street, Suite 3100
Los Angeles, CA 90017-5450
Telephone: (213) 689-7400
Facsimile: (213) 689-7401
Email: AThompson@duanemorris.com

*Attorneys for Plaintiff Chris Bonang*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUMINENCE, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>WINDY CITY NOVELTIES INC.,<br><br>  Defendant. | Case No.: **'16CV1548 GPC MDD** |

## COMPLAINT AND JURY DEMAND

Plaintiff, Luminence, LLC ("Plaintiff"), by its undersigned attorneys, Duane Morris LLP, for its Complaint alleges as follows:

## SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501, and 1202, and 815 I.L.C.S. § 510 *et seq*. Plaintiff seeks compensatory and/or statutory damages in an amount to be established at trial.

## PARTIES

2. Plaintiff is a limited liability corporation registered in California with a principal place of business at 5580 La Jolla Boulevard #37, La Jolla, California 92037.

3. Upon information and belief, defendant Windy City Novelties Inc. ("Defendant") is a corporation duly organized and existing under the laws of Illinois, with a principal place of business at 300 Lakeview Parkway, Vernon Hills, Illinois 60061.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this District and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A. <u>Plaintiff's Business</u>

7. Plaintiff creates and sells fun and unique fiber optic light-up accessories including, but not limited to, its Glowbys® brand hair attachments. Plaintiff sells its products through its website, www.luminence.com.

8. In support of its business, Plaintiff created artistic and expressive photographic images of Glowbys products displayed on a model.

9. On February 26, 2013, Plaintiff obtained a registration with the United States Copyright Office, Registration Number VA 1-897-465, for the photographic work entitled Girl Wearing Glowbys 1 (the "Copyrighted Work"). Attached hereto as Exhibit A is a copy of the Copyrighted Work.

10. Attached hereto as Exhibit B is a copy of United States Copyright Registration Number VA 1-897-465.

11. Plaintiff has never licensed, authorized, or otherwise permitted the Defendant to reproduce, distribute, display or otherwise use the Copyrighted Work.

B. Defendant's Unlawful Activities

12. According to its advertising materials and website, Defendant creates and sells novelty items, including fiber optic light-up accessories. Defendant directly competes with Plaintiff with regard to the sale of fiber optic light-up accessories.

13. In October 2014, Plaintiff discovered that Defendant's packaging, as shown in a posting by the Defendant on the on-line retail website eBay, displayed an infringing copy of the Copyrighted Work.

14. In October 2014, Plaintiff also discovered a copy of the infringing packaging was displayed on Defendant's website, in connection with the offer to sell its fiber optic light-up hair clip, at the following url:

- http://www.windycitynovelties.com/multi-color-fiber-optic-led-13-hair-clip.html.

15. At that time, Plaintiff wrote to the Defendant using both the email service provided by eBay, and the email address provided as contact information on the Defendant's website (askanexpert@windycitynovelties.com) to inform it of Plaintiff's copyright registration and demand that Defendant cease its infringement of the Copyrighted Work.

16. Despite that notice and demand, Defendant willfully and intentionally continued to infringe Plaintiff's exclusive copyright in the Copyrighted Work.

17. In October 2015, Plaintiff in California ordered a fiber optic light up hair clip product, using the interactive functionality of Defendant's website. Based on that on-line order and purchase, Defendant shipped its hair clip product to the residence of Plaintiff's sole and managing Member, Chris Bonang, in San Diego, California. The

Defendant's packaging for its hair clip product displayed an infringing copy of the Copyrighted Work.

18. On October 20, 2015, Plaintiff wrote to the Defendant to again provide notice of its copyright registration and that the packaging Defendant used for its hair clip product displayed an infringing copy of the Copyrighted Work. Plaintiff again demanded that Defendant cease its infringement of the Copyrighted Work.

19. Despite that second notice and demand, Defendant continued to willfully and intentionally infringe the Plaintiff's exclusive copyright in the Copyrighted Work.

20. In December 2015, Plaintiff had a contact in California order a fiber optic light up hair clip product, using the interactive functionality of Defendant's website. Based on that on-line order and purchase, Defendant shipped its hair clip product to the Plaintiff's contact at his address in Menlo Park, California. The Defendant's packaging for its hair clip product again displayed an infringing copy of the Copyrighted Work.

21. Defendant did not respond to any of Plaintiff's communications notifying it of Plaintiff's copyright registration and demanding that Defendant cease its infringement of the Copyrighted Work. Defendant has not denied that its packaging and website displayed infringing copies of the Copyrighted Work, and Defendant has not asserted any justification or basis to believe it had a right to reproduce, distribute or display the Copyrighted Work.

## FIRST CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101 *et seq*.)

22. Plaintiff realleges paragraphs 1 through 21 above and incorporates them by reference as if fully set forth herein.

23. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, and is entitled to the full protection of the United States

copyright laws. Plaintiff owns all exclusive rights to reproduce, distribute, display, and make derivative works of, the Copyrighted Work.

24. Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Defendant and/or the supplier of packaging materials used by the Defendant, had access to the Copyrighted Work prior to the creation, distribution and display of Defendant's infringing packaging.

25. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying its infringing reproduction or derivative variation of the Copyrighted Work as part of the packaging for its fiber optic light up hair clip product.

26. Defendant's infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, despite repeated notice and demand to cease its infringement, has been willful and deliberate, and Defendant has profited at the expense of Plaintiff as a result of its infringing conduct.

27. Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover his actual damages from Defendant's misappropriation of the Copyrighted Work without paying a license fee, and the disgorgement of Defendant's profits related to its infringement of the Copyrighted Work, which amounts will be proven at trial.

28. Alternatively, at Plaintiff's election, Plaintiff is entitled to an award of statutory damages under 17 U.S.C. §§ 504(c) in an amount to be determined after trial, up to a maximum of $150,000, based on Defendant's willful infringement of the Copyrighted Work.

29. Defendant's conduct has caused, and any continued infringing conduct will further cause, irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is

entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

WHEREFORE, Plaintiff demands judgment as follows:

1. Judgment in favor of the Plaintiff finding that Defendant has infringed Plaintiff's exclusive copyrights in the Copyrighted Work under the Copyright Act;

2. Judgment in favor of the Plaintiff finding that Defendant's infringement is willful;

3. An award of such of actual damages and profits under 17 U.S.C. § 504(b) as the determined after trial, or, in the alternative and at Plaintiff's election, an award of statutory damages under 17 U.S.C. § 504(c), up to a maximum of $150,000;

4. An award to the Plaintiff of its costs incurred in this action, including its reasonable attorneys' fees, pursuant to 17 U.S.C. § 505;

5. An award to the Plaintiff of interest, including pre-judgment interest, on the foregoing sums;

6. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant:

    (a) from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

    (b) destroying all copies, whether electronic or physical, of the Plaintiff's Copyrighted Work.

7. For such other and further relief as the Court may deem just and proper.

///
///
///

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: June 20, 2016         Respectfully Submitted,

**DUANE MORRIS LLP**

/s/    Audra L. Thompson
Audra L. Thompson
*Attorneys for Plaintiff Luminence, LLC*